IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NOs. WR-79,200-01 & WR-79,200-02






EX PARTE LEO THOMAS DESORMEAUX, IV, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 10416 & 10612 


 IN THE DISTRICT COURT FROM JASPER COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and injury to a child. He was sentenced to life imprisonment for the capital murder and twenty
years' imprisonment for the injury to a child. The Ninth Court of Appeals affirmed his convictions. 
Desormeaux v. State, Nos. 09-10-00097-CR & 09-10-00098-CR (Tex. App.-Beaumont March 7,
2012).

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to file a petition for discretionary review (PDR) after taking money for and informing
Applicant that he would file one.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel on
appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
appellate counsel informed Applicant that he would file a petition for discretionary review and failed
to do so, effectively denying him his right to a PDR. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: March 27, 2013

Do not publish